IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00605-RM-MJW

JOSHUA LAMONT SUTTON,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (CDOC),
VAUGHN, Mrs.,
BOLTON, Mrs.,
GRANT, Mrs.,
HEALY, Mrs.,
O'BRIAN, Mrs.,
GEBHART, Mr.,
JASON LENGERICH,
BRUNELL, Mr.,
GILLIS, Mr.,
SCAMPA, Mrs.,
LAGUE, Mr.,
WOOD, Mrs.,
LORENZE, Mrs.,
LONG, Mr.,
FOWLER, Mr.,
JIMERSON, Mr.,
OWENS, Mr., and
LISAC, Mr.,

Defendants.

---

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S DECLARED MOTION FOR CLASS ACTION CERTIFICATION – DUE
TO PENDING MOTION FOR COUNSEL
(DOCKET NO. 39)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the Court pursuant to an Order Referring Case entered by

Judge Raymond P. Moore on March 13, 2017. (Docket No. 7.) Now before the Court is

Plaintiff's Declared Motion for Class Action Certification – Due to Pending Motion for Counsel, (Docket No. 39), to which Defendants Colorado Department of Corrections ("CDOC"), Vaughn, Bolton, Grant, Healy, O'Brien, Gebhart, Lengerich, Brunell, Gillis, Scanga, Lague, Wood, Lorenze, Long, Fowler, Jimerson, Owens, and Lisac's (collectively "Defendants") filed a response. (Docket No. 42.) Judge Moore referred the subject motion to the undersigned Magistrate Judge on January 9, 2018. (Docket No. 41.) The Court has carefully considered the motion. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

The facts of this case were set forth in the undersigned Magistrate Judge's February 28, 2018 Report and Recommendation (Docket No. 43) on Defendants' motion to dismiss (Docket No. 26) and Plaintiff's motion to amend. (Docket No. 35.) Plaintiff seeks to certify a class action regarding the allegedly unconstitutional housing conditions at the Buena Vista Correctional Complex.

There are four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The party seeking to certify a class bears the burden of proving

2

that all the requirements of Rule 23 are met. *See Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir. 2009). The Court is required to engage in a "rigorous analysis" into whether the requirements of Rule 23 are satisfied. *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011).

Here, Plaintiff has not met his burden under Rule 23. Indeed, he failed to establish the first prerequisite. In order to meet the numerosity requirement, Plaintiff needed to only define the class adequately and then establish that the class is so numerous that joinder of all members is impractical. *See Neiberger v. Hawkins*, 208 F.R.D. 301, 313 (D. Colo. 2002). While there is no set formula to determine if a class is so numerous that it should be certified, Plaintiff was required to present "some evidence of established, ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation of the numerosity requirement." *Rex v. Owens ex rel. State of Okl.*, 585 F.2d 432, 436 (10th Cir. 1978). In neither his Amended Complaint (Docket No. 18) nor the subject motion does Plaintiff even allege, much less establish, the number of inmates that were affected by the allegedly unconstitutional conditions. He therefore cannot demonstrate that the joinder of these inmates is impracticable.

Because Plaintiff has not met the very first threshold requirement, the Court declines to consider whether he has established the commonality, typicality, and representational requirements.

Wherefore, it is hereby **RECOMMENDED** that Plaintiff's Declared Motion for Class Action Certification – Due to Pending Motion for Counsel, (Docket No. 39) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions,** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

                BY THE COURT

Date: March 6, 2018          s/ Michael J. Watanabe
     Denver, Colorado        Michael J. Watanabe
                                  United States Magistrate Judge